**NOT RECOMMENDED FOR PUBLICATION**
**File Name: 06a0006n.06**
**Filed: January 4, 2006**

**No. 04-2522**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| v. | ) | EASTERN DISTRICT OF MICHIGAN |
| | ) | |
| REX R. ROBINSON, | ) | |
| | ) | O P I N I O N |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |
| | ) | |

Before: BATCHELDER and DAUGHTREY, Circuit Judges; and DOWD, Senior District Judge.[*]

**PER CURIAM**

Rex Robinson, the defendant-appellant, convicted of a single count of conspiracy to manufacture and distribute marijuana and a single count of traveling in interstate commerce to promote the conspiracy, has appealed his conviction on the sole proposition that the district court erred in the denial of his Criminal Rule 29 motion to vacate his conviction. The defendant was sentenced to a term of imprisonment of 121 months on the marijuana conspiracy count and to a concurrent sentence of 60 months on the interstate travel count.[1]

---

[*] The Honorable David D. Dowd, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

[1] The jury made a separate finding that the defendant's involvement in the marijuana conspiracy, as to weight and number of marijuana plants, exceeded 1,000 plants and 1,000 kilograms of marijuana. Such a finding
(continued...)

(04-2522)

The jury trial that led to the conviction of Rex Robinson included four other defendants, Marcus Robinson, Chad Robinson, Frances Darrell Hayden and Dennis Keith Miles. The four were also convicted in the trial which concluded on June 14, 2001.[2]

The third superceding indictment, on which the five defendants stood trial, alleged that the marijuana conspiracy covered a time span beginning "approximately 1991 until at least June of 1998." This court's previous opinion identified four phases of the government's evidence with respect to the alleged conspiracy.[3]

---

[1] (...continued)
mandated a mandatory minimum sentence of 120 months.

[2] The appeal of the other four defendants was resolved in favor of the convictions and sentences in an unpublished decision of this court on November 19, 2004. *See United States v. Robinson*, 116 Fed.Appx. 646 (6th Cir. 2004).

[3] In *Robinson*, 116 Fed.Appx. at 649-50, we stated:

> The first phase dealt with the Indiana operation and featured the testimony of defendant-appellant Chad Robinson's former wife, Frances Robinson, and the additional testimony of James Steffen. Frances Robinson indicated that her ex-husband, Chad Robinson, and his brother operated a farm in Indiana for the growing of marijuana and utilized their used-car operation at R Motors as a cover for the sale of marijuana. Her testimony was supported by James Steffen who described his many purchases of marijuana from co-conspirator Ralph Kough. Steffen also provided testimony that connected the Robinson brothers, Chad and Marcus, to the Indiana operation.

> The second phase of testimony began with the 1995 purchase of a 78-acre farm on Argyle Road in Sanilac County in the State of Michigan by the Robinson brothers, Chad and Marcus. The farm was used in the summer of 1995 for the growing and harvesting of massive amounts of marijuana, hidden in rows of corn. Codefendant James Austin Mattingly, a government witness, described the 1995 operation in great detail. (footnote omitted).

> The third phase of testimony involved a similar marijuana-growing operation in the summer of 1996, supervised by the defendant Francis Hayden.

> The fourth phase involved the inadvertent discovery of the marijuana operation on the Sanilac County farm [on Argyle Road] in the latter part of [October],1996 and the subsequent lengthy investigation that led to the initial indictment returned on February 10,1999. . . .

(04-2522)

Before this court's decision in the appeal of the other four co-defendants was filed but after oral argument, the district court issued a lengthy and thorough written opinion denying the Criminal Rule 29 motion of Rex Robinson. Rex Robinson was then sentenced to the term of 121 months and this appeal followed.

On appeal, Rex Robinson continued with the single argument that his two convictions must be vacated because the evidence at trial was not sufficient to permit a reasonable jury to find that every element of the charged offenses had been proved beyond a reasonable doubt. In support of the Criminal Rule 29 motion, Rex Robinson attacked the credibility of Frances Robinson, the ex-wife of co-defendant Chad Robinson. Frances Robinson provided devastating testimony regarding the Indiana phase of the marijuana operation which inculpated Rex Robinson, in addition to his two brothers, co-defendants Marcus and Chad Robinson. After attacking her credibility, Rex Robinson advanced the argument that the government's testimony supported the fact of two separate conspiracies, one in Indiana and another in Michigan.

The district court analyzed the Rule 29 motion from the standpoint of the possibility of two separate conspiracies, the Indiana conspiracy and the Michigan conspiracy. Using the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979), the district court concluded that there was sufficient proof before the jury to establish Rex Robinson's guilt of the two conspiracies, if one were to conclude that the proof established the fact of two conspiracies, and not the single conspiracy alleged in the indictment.[4]

---

[4] In denying the Criminal Rule 29 motion, the district court did not address the possible issue that the jury finding that Rex Robinson's involvement in the marijuana conspiracy exceeded 1,000 plants and 1,000 kilograms of marijuana was not supported by the evidence. The district court acted properly as the issue was not raised in the

(continued...)

(04-2522)

In our earlier unpublished decision, we found that the district court had carefully instructed the jury on the issue of a single conspiracy versus multiple conspiracies. It is obvious from our earlier decision that there was no proof offered to establish that the co-defendants, Hayden and Miles, were involved in the alleged conspiracy during the earlier Indiana phase. That absence of proof does not equate to the requirement to find as a matter of law that more than a single conspiracy existed. The fact that the marijuana growing operation of the conspiracy involved more than a single state does not require a finding as a matter of law that more than a single conspiracy existed.

The jury instruction carefully covered the defense argument regarding the defense of multiple conspiracies, as opposed to the single conspiracy charged in the indictment. Our previous opinion clearly stands for the proposition that the evidence, viewed in a light most favorable to the verdict, supported the jury's finding of a single conspiracy.[5] We find no basis for changing that position.

---

[4] (...continued)
Criminal Rule 29 motion. On appeal, Rex Robinson's replacement counsel attempted to argue that the Criminal Rule 29 motion challenged the jury finding which required the mandatory minimum sentence of 120 months. The Criminal Rule 29 motion stated in part that " there was absolutely no evidence which established that Rex Robinson *had entered into an agreement to distribute more than l000 kilograms of marijuana or had entered into an agreement to manufacture more than l000 plants, as charged in the indictment.*" (emphasis added). JA 57. That challenge questioned the issue of guilt but did not raise the sentencing issue as to whether there was sufficient evidence to support the jury's separate finding as to Rex Robinson. The appeal in this case does not raise that issue.

[5] In our prior opinion, we stated:

The evidence, viewed in a light most favorable to the government, establishes an on-going conspiracy to grow and harvest marijuana for resale, in fields of corn, both in Indiana and Michigan. The evidence also is sufficient to establish: (1) the connection of the Robinson brothers, Marcus and Chad, to both growing operations; (2) the connection of Dennis Miles to the growing operation in Michigan in 1995; and, (3) the connection of Francis Hayden to the growing operation in 1996. The fact that the evidence did not connect Dennis Miles or Francis Hayden to the operation in Indiana does not necessarily establish, as a matter of fact or law, separate conspiracies. The issue was properly presented to the jury. We find no error.

*Robinson*, 116 Fed.Appx. at 672.

(04-2522)

As summarized by the district court in denying Rex Robinson's Rule 29 motion, the home

of Rex Robinson was searched in the spring of 1997 with the discovery of materials that supported

his involvement with a marijuana conspiracy. Rex Robinson traveled to Michigan in 1997, after the

discovery of the vast marijuana operation on the farm in Sanilac County and the determination that

his brother Marcus Robinson owned the farm. As indicated by the district court, that travel and his

conduct with the Sanilac County law enforcement authorities in 1997 supported the conviction for

count six charging interstate travel to carry on and facilitate an unlawful activity, the business

enterprise involving marijuana, in violation of 18 U.S.C. § 1952. On review, we agree.[6]

No issue has been raised as to Rex Robinson's sentence; however, his sentence preceded the

opinion in *United States v. Booker,* 543 U.S. 220 (2005). Rex Robinson's guideline range called

for a sentence of 121 to 151 months, but with the mandate that the sentence be at least 120 months.

In the interim, the Supreme Court remanded the appeals of co-defendants Marcus Robinson, who

received a sentence of 130 months, and Dennis Miles, who received a sentence of 121 months, for

further consideration in light of *Booker.*

We have remanded the case of Dennis Miles to the district court for resentencing under

*United States v. Booker,* 543 U.S. \_\_\_\_(2005). The remand was ordered because Dennis Miles

---

[6] Following the discovery of the marijuana operation on the Sanilac County farm in 1996, Marcus Robinson was identified as the owner of the farm. Marcus Robinson claimed that he had rented the farm to a John Hunt. Subsequent investigations revealed that "John Hunt" was a pseudonym that several members of the conspiracy used and the purported lease between Marcus Robinson and John Hunt was a fake. It was against this factual background of Rex Robinson's trip to Michigan that the district court found, accurately as we hold: "concealing a conspiracy itself is an unlawful act, and it was the theory of the government at trial that the primary purpose of the 1997 trip to Michigan was to conceal the Robinson's involvement in the Argyle Road farming operation and preserve the property from forfeiture. The evidence, therefore, was sufficient to support the verdict on that count." JA 271.

5

challenged his sentence on direct appeal. We reached a different result with the appeal of Marcus Robinson because he did not challenge his sentence on direct appeal to our court, and as a consequence, waived any such challenge.[7]

As we found that the Supreme Court's order remanding the appeal of Marcus Robinson left undisturbed his conviction, we dismissed his appeal rather than remand to the district court for re-sentencing. We find that Rex Robinson did not challenge his sentence on direct appeal to our court; therefore we find he has waived any such challenge and we will not remand for re-sentencing under *Booker*.

The conviction and sentence are AFFIRMED.

---

[7] The pre-sentence report for Marcus Robinson calculated his offense level as a 36 based on an addition of four levels for role in the offense. Over the government's objection, the district court declined to add the four levels and found the total offense level to be 32 and with a Criminal History of I, the sentencing range was reduced to 121 to 151 months. Marcus Robinson was sentenced to a term of 130 months.